PARK LANE REALTY COMPANY, PLAINTIFF-RESPOND-
ENT, v. HARRY S. DAVEGA, DEFENDANT-PROSECUTOR.

Argued January term, 1933—Decided June 29, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Herbert L. Hanschka.*

For the respondent, *Walter J. Freund.*

PER CURIAM.

The record presents the curious melange of an ordinary
attachment suit begun by filing an affidavit of non-residence
and indebtedness under the attachment act, and continued
and supplemented by a commissioner's order for attachment
under the Practice act of 1903, followed by the filing of a
complaint as contemplated by the latter act, but out of time,
and without filing a bond or obtaining an order fixing the
amount thereof. All this Judge Porter in the Circuit Court
held irregular on a motion to quash the writ, except that the
original affidavit and the writ itself pointed to the beginning
of an action under the Attachment act, in view of which
he held that the affidavit was sufficient and the writ properly
issued thereon. In this and to that extent we agree with him.

Judging from his letter to counsel in deciding the motion,
he seems to have held further that even if tested by the com-
plaint, the action was for an amount either liquidated or
capable of liquidation by calculation, and therefore a proper
basis for an attachment under the act of 1901. *Comp. Stat.,*
*p.* 1932. Here we do not agree. The complaint is very long,
but it is enough to say that it counts on a written contract
for the purchase of real estate from the attaching plaintiff,

that Davega and three others guaranteed in writing to the extent of $12,500 each that certain improvements would be made and certain moneys expended thereon, $40,000 in all; that the improvements had not been completed nor paid for, and that plaintiff "has been and will be put to considerable expense in changing and altering such improvements as were begun and in making and completing the improvements * * * to comply with the * * * said agreement" and concludes to the same effect, that plaintiff has been and will be obliged to expend large sums of money in making the improvements to conform with the agreement.

This, as we see it, is a claim against a guarantor for unliquidated damages pure and simple. Those damages, if and when proved, may amount to more than the guaranty of $12,500 per capita, or may amount to much less; but clearly they are incapable of ascertainment without proof at a trial of what must be done and the cost thereof. If such facts had been set up in the affidavit for attachment, a writ under the act of 1901 would have been improper.

It is suggested in the brief that this point was not stated in the notice of motion before Judge Porter as a ground for quashing the writ, but a reading of his letter to counsel and of his order refusing to quash, makes it clear that it was argued before him, and that entitles prosecutor to raise it here.

The question remains whether the complaint is to be considered as a statement by the plaintiff in attachment of the legal basis of its claim, and the character thereof, binding on said plaintiff. It was evidently so considered by Judge Porter, and what was used by him should be available here, as we have just said. Indeed, the plaintiff does not suggest that the facts are other than as stated in that complaint. We are clear that it counts solely on a claim for unliquidated damages against a guarantor for default of his principal, limited perhaps by the amount of the guaranty, but still unliquidated. Hence, it was error to refuse to quash the writ. The order will therefore be set aside, the writ quashed, and the proceedings had thereunder set aside. *Hisor* v. *Van Diver*, 83 *N. J. L.* 433, 441; 85 *Atl. Rep.* 441.